

**FILED**

AUG 2 8 2017

CLERK

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF SOUTH DAKOTA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| BOEN & ASSOCIATES, INC., a South Dakota Corporation, | : | 4:17-cv- $4118$ |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| | : | |
| HM LLC, dba Howalt+McDowell Insurance, a Marsh & McLennan Agency, a South Dakota Corporation, WILLIAM J. REZAC, | : | |
| Individually, JO LYNN HIGGINS, Individually, and STEVEN P. VLK, | : | |
| Individually, | : | |
| Defendants. | | |

Plaintiff Boen & Associates, Inc., through its attorneys, Fuller & Williamson, LLP, and for its Complaint against the above-named Defendants, states and alleges as follows:

### JURISDICTION AND VENUE

1.     This Court has subject matter jurisdiction over the federal claims in this action pursuant to 28 U.S.C. § 1331 (federal subject matter jurisdiction), on the grounds that this action arises under the recently enacted Defend Trade Secrets Act of 2016, specifically 18 U.S.C. § 1836(b) et. al.

2.     The remaining claims arising under South Dakota law are subject to this Court's supplemental jurisdiction under 28 U.S.C. § 1367 because they arise out of the same transaction or occurrence giving rise to the federal claims and are therefore part of the same case or controversy.

4:17-cv-_____
Complaint and Demand for Jury Trial

3.     This action is properly placed in the District Court of South Dakota, Southern

Division, pursuant to 28 U.S.C. § 1391, because Plaintiff Boen & Associates' claims arose in this

Division.

## NATURE OF THE ACTION

4.     This case arises from the Defendants' unauthorized procurement and use of Boen

& Associates' trade secrets relating to the marketing and selling of insurance.

5.     Defendants William J. Rezac and Jo Lynn Higgins are former Boen & Associates

employees who accepted employment with HM – a competitor of Boen & Associates – at the

urging of Steve Vlk, who was and is employed at HM.

6.     HM, acting in conjunction with the individual Defendants, engaged in unlawful

conduct over an extended period of time and continuing to the present.

7.     Some of the Defendants' unlawful conduct occurred while some of the individual

defendants were employees at Boen & Associates, and some occurred after the individual

defendants left Boen & Associates to work for HM.

8.     HM and the individual Defendants conspired together, and with malice

aforethought, orchestrated a scheme whereby they surreptitiously obtained and/or used

unauthorized access to trade secrets to enable them to steal existing customers from Boen &

Associates and obtain an unfair competitive advantage over Boen & Associates.

9.     Conspiring together, the Defendants misappropriated Boen & Associates' trade

secrets to unlawfully compete with Boen & Associates to take, and attempt to take Boen &

Associates' customers.

2

4:17-cv-_____
Complaint and Demand for Jury Trial

10.    Defendants' conduct complained of herein was undertaken for the express purpose of growing and benefitting HM's business and the individuals' own personal gains at the expense of Boen & Associates.

11.    Defendants tried to conceal their wrongful actions in various ways, including but not limited to, accessing Boen & Associates's trade secrets after regular business hours, deleting incriminating electronic messages, and engaging in secret communications/meetings to discuss and execute the conspiracy set forth in this Complaint.

12.    Boen & Associates was forced to expend extraordinary efforts and resources, including an extensive investigation and forensic analysis of several computers, in order to discover the truth and obtain evidence of Defendants' wrongdoing.

13.    Boen & Associates' investigation of the matter to date establishes that the unlawful conduct began in November 2016 and continues to this day.

14.    Boen & Associates seeks declaratory relief, permanent injunctive relief, actual, punitive, and statutory multiplied damages against all defendants, jointly and severally, and the return of Boen & Associates' stolen trade secrets and proprietary and confidential information/data.

## PARTIES

15.    Boen & Associates is a South Dakota corporation with its principal place of business located in Sioux Falls, South Dakota.

16.    Boen & Associates offers innovative insurance services, including the procurement of various lines of insurance coverage, such as business insurance and group health

4:17-cv-_____
Complaint and Demand for Jury Trial

insurance, to entities conducting business inside and outside of South Dakota.

17.     Defendant HM LLC, dba Howalt+McDowell Insurance, a Marsh & McLennan

Agency ("HM"), is a South Dakota corporation with its principle place business located in Sioux

Falls, South Dakota.

18.     HM is a direct competitor of Boen & Associates that similarly offers insurance-

related services to entities conducting business inside and outside of South Dakota.

19.     Defendant William Rezac is an adult individual residing in Sioux Falls, South

Dakota, who previously worked for Boen & Associates and currently works for HM.

20.     Defendant Jo Lynn Higgins is an adult individual residing in Sioux Falls, South

Dakota, who previously worked for Boen & Associates and currently works for HM.

21.     Defendant Steve Vlk is an adult individual residing in Canton, South Dakota, who

works for HM as the President of Employee Benefits, Sioux Falls.

### OTHER PERSONS

22.     Issues Management, Inc., DBA Five Star was a customer of Boen & Associates

that has business locations in South Dakota and North Dakota.  It is now a customer of HM.

23.     Boys & Girls Clubs of the Sioux Empire was a customer of Boen & Associates.  It

is now a customer of HM.

24.     M-tron was a customer of Boen & Associates that has business locations in South

Dakota and Florida.  It is now a customer of HM.

25.     Pace Manufacturing was and is a customer of Boen & Associates.

26.     Puls, Inc., which owns Subway restaurants in Sioux Falls, was and is a customer

4

4:17-cv-_____
Complaint and Demand for Jury Trial

of Boen & Associates.

## FACTS COMMON TO ALL COUNTS

27.     Defendant Rezac was the Employee Benefits Producer at Boen & Associates.

28.     Defendant Higgins was Defendant Rezac's Account Manager at Boen & Associates.

29.     Boen & Associates provides tailored risk management solutions including, but not limited to, the procurement of insurance for businesses and their employees.

30.     In order to provide tailored risk management solutions, Boen & Associates obtains information from its customers that are not generally available to the public nor readily ascertainable by proper means, including, but not limited to, the customers' claims history, previous rates, the average number of employees, and the customers' contributions to the premiums owed under the policy.

31.     This customer information is then compiled and maintained at Boen & Associates in a secure manner.

32.     This customer information derives actual and potential independent economic value as a result of it not being generally known nor readily ascertainable by proper means.

33.     The customers' information is maintained and stored at Boen & Associates in a secure manner.

34.     Specifically, Boen & Associates had security safeguards for electronically stored information, including passwords and firewalls, to keep commercial competitors and would-be wrongdoers from accessing such information.

4:17-cv-_____
Complaint and Demand for Jury Trial

35.    Boen & Associates also physically secured non-electronic information by securing the premises and limiting physical access to such documents to authorized individuals.

36.    Boen & Associates also screened its employees to ensure that such employees could be entrusted with the information provided by the customers.

37.    Defendants Rezac and Higgins also agreed in writing not to use or disclose for their own personal benefit "Confidential Information," which included, but was not limited to, compositions, manuals, research data, sales information, or customer files or lists.

38.    Defendants Rezac and Higgins also agreed in writing to return all documents, including files, memoranda, notes, records, reports, manuals, samples or analysis, computer-generated and/or computer-stored information, customer lists, and vendor lists, whether or not they contained Confidential Information, and that such documents were the property of Boen & Associates.

39.    Defendant Rezac resigned from Boen & Associates, and his last day of work was January 6, 2017.

40.    Defendant Rezac left Boen & Associates to work for HM.

41.    Because of Defendant Higgins' professional relationship with Defendant Rezac, Defendant Higgins knew about Defendant Rezac's plans to leave Boen & Associates and join HM before Boen & Associates.

42.    Defendant Higgins resigned from Boen & Associates, and her last day of work was February 24, 2017.

43.    Defendant Higgins left Boen & Associates to work for HM.

6

4:17-cv-_____
Complaint and Demand for Jury Trial

### Theft of Boen & Associates' Trade Secrets and Customers

44.     Defendant Rezac's actions, set forth in greater detail below, constitute a violation of the federal criminal statute 18 U.S.C. § 1832, Theft of Trade Secrets.

45.     After deciding to join HM, Defendant Rezac misappropriated trade secrets and took steps to ensure the subsequent theft of Boen & Associates' customers.

46.     Specifically, on the last day at Boen & Associates, January 6, 2017, from 4:34:33 p.m. through 4:35:16 p.m., Defendant Rezac made at least 16 transfers from his work computer to his personal Google drive account.

47.     Later that evening, at 9:57:49 p.m., Defendant Rezac made at least one transfer from his work computer to a personal account through dropbox.com.

48.     Upon information and belief, those transfers included Boen & Associates' trade secrets.

49.     For example, on January 3, 2017, a confidential report was made with regard to Issues Management, Inc., dba Five Star ("Five Star").

50.     The confidential report contained information relating to Five Star's incurred claims, costs per policy, amounts paid per claims, and its premiums.

51.     On January 5, 2017, at 2:42:30 p.m. Defendant Rezac created an electronic version of the January 3, 2017 Five Star report.

52.     Upon information and belief, Defendant Rezac then saved an electronic version of the January 3, 2017 Five Star report.

53.     Upon information and belief, Defendant Rezac transferred an electronic copy of

7

the January 3, 2017 Five Star report to one of his personal accounts as part of his electronic transfers as set forth above.

54.    Another example includes a spreadsheet created by Defendant Rezac on November 30, 2016, at 11:27:12 p.m.

55.    The November 30, 2016 spreadsheet contained trade secrets relating to Five Star that showed the monthly average number of insured members, the monthly average number of employees, the monthly medical claims paid, and the monthly prescription claims paid, going back to August 2013.

56.    Defendant Rezac accessed and saved the November 30, 2016 Five Star spreadsheet on January 5, 2017, at 4:18:21 p.m.

57.    Upon information and belief, Defendant Rezac then transferred an electronic copy of the November 30, 2016 Five Star spreadsheet to a personal account as part of the subsequent electronic transfers set forth above, which happened less than 20 minutes later.

58.    Three months after Defendant Rezac left Boen & Associates and joined HM, Defendant Vlk, on behalf of HM, successfully lured Five Star from Boen & Associates with the aide of the trade secrets misappropriated by Defendant Rezac.

59.    Another example of Defendant Rezac's misappropriation of Boen & Associates' trade secrets occurred on or about January 6, 2017, at approximately 10:24:54 p.m.

60.    On January 6, 2017, after his employment with Boen & Associates ended, Defendant Rezac remotely accessed a Boen & Associates' computer without authorization.  This unauthorized remote access is hereinafter referred to as the January 6 infiltration event.

4:17-cv-_____
Complaint and Demand for Jury Trial

61.     The January 6 infiltration event involved hundreds of Boen & Associates'
documents which included customers' renewal forms and related confidential information.

62.     The information accessed in the January 6 infiltration event also included
customers' confidential claim reports, quotes, financial information, guidebooks, and rate
information.

63.     The information contained in the January 6 infiltration event also included
templates, forms, and other such proprietary information belonging to Boen & Associates.

64.     The information contained in the January 6 infiltration event also included
confidential prospective client lists.

65.     The information contained in the January 6, 2017 infiltration event included
confidential and proprietary information about the Boys & Girls Clubs of the Sioux Empire.

66.     The Boys & Girls Clubs of Sioux Empire was a customer of Boen & Associates
before the January 6 infiltration event.

67.     On March 23, 2017, the Boys & Girls Club of Sioux Empire became a customer
of HM.

68.     The information contained in the January 6 infiltration event helped HM, and
Defendant Rezac, lure the Boys & Girls Club of Sioux Empire from Boen & Associates.

69.     The information contained in the January 6 infiltration event also included
confidential and proprietary information about M-tron.

70.     M-tron was a customer of Boen & Associates before the January 6 infiltration
event.

4:17-cv-_____
Complaint and Demand for Jury Trial

71.    On or about April 10, 2017, M-tron became a customer of HM.

72.    The information contained in the January 6 infiltration event helped HM, and

Defendant Rezac, lure M-tron from Boen & Associates.

### Defendant Rezac's Violation of his Non-solicitation Agreement

73.    After Defendant Rezac decided to leave Boen & Associates, but before he actually

left Boen & Associates' employment, he was soliciting potential customers of Boen & Associates

for his personal benefit and the benefit of HM, with the assistance of Defendant Higgins, who

also knew that Defendant Rezac was leaving Boen & Associates.

74.    For example, Defendant Higgins scheduled a meeting for Defendant Rezac with a

representative of Puls, Inc., dba, Subway, on January 5, 2017, at 7:30 p.m.

75.    Defendant Higgins scheduled the January 5, 2017, meeting for Defendant Rezac

with details about the prospective customer's number of employees and its current insurance

providers.

76.    Defendant Higgins' scheduled meeting information also included the potential

customer's Renewal date, which was March 1, 2017.

77.    Defendant Rezac and Defendant Higgins both knew that Defendant Rezac's last

day at work for Boen & Associates would be January 6, 2017.

78.    Upon information and belief, Defendant Rezac and Defendant Higgens scheduled

a meeting with Puls, Inc., dba Subway, on January 5, 2017, for an improper purpose, including

violating their respective non-solicitation and non-compete agreements.

79.    Defendant Rezac's violation of the non-solicitation and non-compete agreements

4:17-cv-_____
Complaint and Demand for Jury Trial

continued after he left Boen & Associates.

80.     For example, Defendant Rezac solicited Pace Manufacturing, who was, and is, a customer of Boen & Associates.

81.     Defendant Rezac asked Chad Hasert, the General Manager of Pace Manufacturing, to switch from Boen & Associates to HM.

82.     Chad Hasert politely rejected Defendant Rezac's solicitation.

83.     Upon information and belief, Defendant Rezac made a similar solicitation to a representative of Five Star, which ultimately proved successful for HM and Defendant Rezac's benefit.

84.     Defendant Rezac also violated his non-solicitation and non-compete agreements with Boen & Associates with regard to M-Tron, as shown on an Agent of Record change letter dated April 10, 2017.

## HM'S Complicity in the Scheme to Misappropriate Trade Secrets and Violate the Non-Solicitation and Non-Compete Agreements

85.     HM is a sophisticated commercial actor in the insurance industry and a competitor of Boen & Associates.

86.     Defendant Vlk is the President at HM with extensive experience in the insurance industry.

87.     HM, through its authorized agent Defendant Vlk, pursued and solicited Defendant Rezac to come work for HM.

88.     HM, and Defendant Vlk, knew or should have known that pursuing and soliciting Defendant Rezac to work for HM would, if successful, result in a violation of the non-solicitation

11

and non-compete agreement he signed.

89.     HM, and Defendant Vlk, knew or should have known that employing Defendant Rezac would result in a violation of the non-solicitation and non-compete agreement he signed.

90.     HM became aware of the fact that Defendant Rezac was actively violating the terms of the non-solicitation and non-compete agreement that he entered into with Boen & Associates.

91.     HM also became aware of the fact that Defendant Higgins was actively violating the terms of the non-solicitation and non-compete agreement that she entered into Boen & Associates.

92.     HM nonetheless chose to retain the tainted proceeds of Defendant Rezac's and Defendant Higgins' violation of the non-solicitation and non-compete agreements that had been signed while working for Boen & Associates.

93.     HM continued to let Defendant Rezac retain and use Boen & Associates trade secrets and other business property in violation of the law and the non-solicitation and non-compete agreements.

94.     Upon information and belief, HM, through Defendant Rezac, continues to retain and use Boen & Associates trade secrets and other business property in violation of the law and the non-solicitation and non-compete agreements executed by Defendant Rezac and Defendant Higgins.

95.     Upon information and belief, HM, acting through Defendant Rezac, knowingly used the information wrongfully taken by Defendant Rezac to lure customers away from Boen &

4:17-cv-_____
Complaint and Demand for Jury Trial

Associates, including, but not limited to, M-Tron, Boys and Girls Clubs of the Sioux Empire, and

Five Star.

96.    Upon information and belief, HM knowingly or recklessly helped Defendant

Rezac violate the non-compete and non-solicitation agreements that Defendant Rezac signed by

having its agents, including Defendant Vlk, communicate with Boen & Associates' customers

with Defendant Rezac's behind the scenes assistance.

97.    For example, an April 10, 2017 letter from Dakotacare stated that Five Star

requested its "Agent of Record to be changed to Steve Vlk," at HM.

## FIRST CAUSE OF ACTION
Defend Trade Secrets Act 18 U.S.C. § 1836, et seq.
(Defendants Rezac, Vlk, and HM)

98.    Boen & Associates re-alleges and incorporates by reference each preceding

paragraph as if fully set forth herein.

99.    The Defend Trade Secrets Act ("DTSA") was passed into law on May 11, 2016,

and prohibits the threatened or actual misappropriation of trade secrets that are related to a

product or service used or intended for use in interstate commerce.

100.    Boen & Associates has developed and preserved certain confidential and

proprietary information and intellectual property that constitutes a trade secret, as defined under

18 U.S.C. § 1839(3).

101.    Boen & Associates' protectable trade secrets include, without limitation: (1) the

January 3, 2017 confidential report pertaining to Five Star; (2) the November 30, 2016

spreadsheet containing information on Five Star's monthly average number of insured members,

the monthly average number of employees, the monthly medical claims paid, and the monthly

prescription claims paid, going back to August 2013; (3) Boen & Associates' customers' renewal

forms and related confidential information; (4) Boen & Associates' customers' confidential claim

reports, quotes, financial information, guidebooks, and rate information; (5) Boen & Associates'

templates, forms, procedures, and other such proprietary information; and (6) Boen &

Associates' client lists, and prospective client lists.

102.    The trade secret information at issue relates to a product or service that is used or

intended for use in interstate commerce.

103.    The trade secrets derive independent economic value, actual or potential, from not

being generally known to, and not being readily ascertainable through proper means by, another

person who can obtain economic value from the disclosure or use of the information.

104.    During the course of his employment, Defendant Rezac was given access to, and

acquired specific knowledge of, Boen & Associates' above-described trade secrets for the

exclusive purpose of performing actions in the course of his employment with Boen &

Associates.

105.    Boen & Associates has taken reasonable steps to keep secret and prevent the

disclosure of the trade secrets, including, but not necessarily limited to, executing non-

solicitation and non-compete agreements, designating such information as confidential, locking

and securing the premises, utilizing passwords and firewalls, and implementing a company

policy against public disclosure of such information without prior authorization.

106.    Defendant Vlk and HM knew, or had reason to know, that the information it

14

would acquire or receive from Defendant Rezac constituted trade secrets that had been obtained surreptitiously and via improper means.

107.   Defendant Rezac, HM, and upon information and belief Defendant Vlk, have misappropriated the trade secrets through improper means and have wrongfully acquired and utilized such trade secrets to their material benefit, individually and collectively, and to the direct material detriment of Boen & Associates in violation of 18 U.S.C. § 1832, which makes it a federal crime to steal, take, copy, receive, or possess such trade secrets, and its civil counterpart 18 U.S.C. § 1836.

108.   Defendant Rezac's, HM's, and, upon information and belief, Defendant Vlk's, actions constitute actual and threatened misappropriation of Boen & Associates' trade secrets in violation of the DTSA's civil statutes.

109.   Defendant Rezac's, HM's, and, upon information and belief, Defendant Vlk's, misappropriation, both actual and threatened, was and continues to be willful and malicious.

110.   Boen & Associates has suffered, and will continue to suffer, damages as a result of Defendant Rezac's, HM's, and, upon information and belief Defendant Vlk's, violation of the DTSA.

111.   Boen & Associates has suffered, and will continue to suffer, irreparable harm in damaged relationships with customers, lost business opportunities, and having its trade secrets, internal policies, forms, procedures, and other intellectual property being used by a direct competitor.

112.   Boen & Associates is entitled to recover actual and exemplary damages, together

with attorney's fees, from Defendant Rezac, HM, and Defendant Vlk, each of which is jointly

and severally liable for the same.

113.     Defendant Rezac's, HM's, and, upon information and belief, Defendant Vlk's,

violations of the DTSA pose an ongoing and imminent threat of irreparable harm to Boen &

Associates, including diminution of value of its trade secrets, lost profits, unfair siphoning of

goodwill, and unfair diminishment of its competitive advantage.

114.     The harm that Boen & Associates faces cannot be adequately addressed through

legal remedies alone and Boen & Associates is entitled to injunctive relief.

### SECOND CAUSE OF ACTION
Misappropriation of Trade Secrets, SDCL § 37-29-1 et seq.
(Defendants Rezac, Vlk, and HM)

115.     Boen & Associates re-alleges and incorporates by reference each preceding

paragraph as if fully set forth herein.

116.     Boen & Associates has developed and preserved certain confidential and

proprietary information and intellectual property that constitutes a trade secret, as defined under

South Dakota Law.

117.     Boen & Associates' protectable trade secrets include, without limitation: (1) the

January 3, 2017 confidential report pertaining to Five Star; (2) the November 30, 2016

spreadsheet containing information on Five Star's monthly average number of insured members,

the monthly average number of employees, the monthly medical claims paid, and the monthly

prescription claims paid, going back to August 2013; (3) Boen & Associates' customers' renewal

forms and related confidential information; (4) Boen & Associates' customers' confidential claim

reports, quotes, financial information, guidebooks, and rate information; (5) Boen & Associates'
templates, forms, procedures, and other such proprietary information; and (6) Boen &
Associates' client lists, and prospective client lists.

118.    The trade secrets derive independent economic value, actual or potential, from not
being generally known to, and not being readily ascertainable through proper means by, other
persons who can obtain economic value from its disclosure or use.

119.    During the course of his employment, Defendant Rezac was given access to, and
acquired specific knowledge of, Boen & Associates' above-described trade secrets for the
exclusive purpose of performing actions in the course of his employment with Boen &
Associates.

120.    Boen & Associates has taken reasonable steps to keep secret and prevent the
disclosure of the trade secrets, including, but not necessarily limited to, executing non-
solicitation and non-compete agreements, designating such information as confidential, locking
and securing the premises, utilizing passwords and firewalls, and implementing a company
policy against public disclosure of such information without prior authorization.

121.    Defendant Vlk and HM knew, or had reason to know, that the information it
would acquire or receive from Defendant Rezac constituted trade secrets that had been obtained
surreptitiously and via improper means.

122.    Defendant Rezac, HM, and, upon information and belief, Defendant Vlk, have
misappropriated the trade secrets through improper means and have wrongfully acquired and
utilized such trade secrets to their material benefit, individually and collectively, and to the direct

17

4:17-cv-_____
Complaint and Demand for Jury Trial

material detriment of Boen & Associates.

123. HM and, upon information and belief, Defendant Vlk, knew or intentionally ignored the fact that when Defendant Rezac began employment for HM, he was making use of misappropriated trade secret information on its behalf.

124. Defendant Rezac, HM, and, upon information and belief, Defendant Vlk, used improper means to acquire or utilize trade secrets that were misappropriated from Boen & Associates in order to secure material benefits to themselves as individuals and to further the coordinated conspiracy.

125. Defendant Rezac, HM, and, upon information and belief, Defendant Vlk will continue to utilize and benefit from the misappropriated trade secrets and will continue to harm Boen & Associates.

126. Defendant Rezac's, HM's, and, upon information and belief, Defendant Vlk's, actions constitute actual and threatened misappropriation in violation of South Dakota law and were willful, wanton, and malicious.

127. Boen & Associates has suffered, and will continue to suffer, damages as a result of Defendant Rezac's, HM's, and, upon information and belief, Defendant Vlk's, violations of South Dakota, SDCL § 37-29.

128. Boen & Associates is entitled to recover actual and exemplary damages, together with attorney's fees, from Defendant Rezac, HM, and Defendant Vlk, each of which is jointly and severally liable for the same.

129. Defendant Rezac's, HM's, and, upon information and belief, Defendant Vlk's,

18

violations of SDCL § 37-29 pose an ongoing and imminent threat of irreparable harm to Boen &

Associates, including diminution of value of its trade secrets, lost profits, unfair siphoning of

goodwill, and unfair diminishment of its competitive advantage.

130.    The harm caused to Boen & Associates cannot be adequately remedied through

legal relief in the form of money damages.

131.    Boen & Associates is entitled to injunctive relief, pursuant to SDCL § 37-29-2 as

follows: an Order from the Court prohibiting Defendant Rezac, HM, and Defendant Vlk, from

violating the non-compete and non-solicitation agreements, a return of Boen & Associates trade

secrets, and disgorgement of profits related to the same.

**THIRD CAUSE OF ACTION**
Tortious Interference with Business Relationships
(All Defendants)

132.    Boen & Associates re-alleges and incorporates by reference each preceding

paragraph as if fully set forth herein.

133.    Defendants knew that Boen & Associates had a business relationship with

customers who had provided it with information with the expectation that Boen & Associates

would procure insurance coverage on their behalf.

134.    Defendants conspired together to intentionally interfere with Boen & Associates'

relationships with its customers and did so through improper, illegal, and unfair means.

135.    Defendants' efforts to take, utilize, and divert Boen & Associates' customer

information was intended to interfere with, and did in fact interfere with, Boen & Associates'

business relationship with its customers.

19

136.    Defendants' efforts to take, utilize, and divert Boen & Associates' information relating to potential customers was intended to interfere with, and did in fact interfere with, Boen & Associates' business relationship with said customers.

137.    Defendants efforts to take, utilize and divert Boen & Associates' customer information and information relating to potential customers was intended to usurp wrongfully, and did in fact usurp wrongfully, Boen & Associates' legitimate expectation of making a profit by procuring insurance coverage on behalf of its customers.

138.    Boen & Associates has been harmed by this intentional, improper interference and is entitled to recover consequential damages in an amount to be proven at trial from all Defendants, each of which is jointly and severally liable.

### FOURTH CAUSE OF ACTION
Tortious Interference with Business Relationships
(Defendants Vlk and HM)

139.    Boen & Associates re-alleges and incorporates by reference each preceding paragraph as if fully set forth herein.

140.    Defendants Vlk and HM unlawfully solicited and recruited Defendant Rezac and accepted, as consideration and inducement for hiring him, the trade secrets and potential customers that Defendant Rezac stole from Boen & Associates.

141.    Defendants Vlk and HM knew, recklessly ignored, or had reason to know that Boen & Associates' employment relationships with Defendant Rezac included a common law duty of loyalty, as well as non-solicitation and non-compete agreements, that would be breached, and was in fact breached, as part of HM's successful luring of Defendant Rezac away from Boen

20

4:17-cv-_____
Complaint and Demand for Jury Trial

& Associates and subsequent use of the stolen information from Boen & Associates.

142.    Defendants Vlk and HM knew, recklessly ignored, or had reason to know that Defendant Rezac, as part of his employment relationship, had an affirmative obligation to protect and not unlawfully abscond with trade secrets to solicit and compete with Boen & Associates and that such obligation would be breached, and was in fact breached, when HM solicited, recruited, and induced the departure of Defendant Rezac and came into possession of such information.

143.    Defendants Vlk and HM intentionally, recklessly, and improperly interfered with Boen & Associates' relationship with Defendant Rezac and did so through improper, illegal, and unfair means.

144.    Boen & Associates has been harmed by this intentional, reckless, and improper interference and is entitled to recover consequential damages in an amount to be proven at trial from Defendants Vlk and HM, jointly and severally.

### FIFTH CAUSE OF ACTION
Breach of Duty of Loyalty: SDCL § 60-2-13
(Defendants Rezac and Higgins)

145.    Boen & Associates re-alleges and incorporates by reference each preceding paragraph as if fully set forth herein.

146.    Defendants Higgins and Rezac, by virtue of her and his relationship with Boen & Associates, owed a duty of loyalty pursuant to SDCL § 60-2-13.

147.    Defendants Higgins and Rezac breached that duty of loyalty when, while still employed at Boen & Associates, they each gave preference to their own private commercial interests over and above that of Boen & Associates, including scheduling and meeting with

21

potential customers of Boen & Associates with the intent to steer the customer away from Boen & Associates.

148.    Defendant Rezac further breached his duty of loyalty by engaging in acts, including unlawfully accessing customer data, that had the effect, and were undertaken for the purpose of directly or indirectly soliciting and competing with and harming Boen & Associates while still employed by it.

149.    Defendants Rezac's and Higgins' misconduct was willful, wanton, and malicious.

150.    Boen & Associates was harmed by these actions in breach of the duty of loyalty and is entitled to recover compensatory and punitive damages in an amount to be proven at trial, for which each is jointly and severally liable.

**SIXTH CAUSE OF ACTION**
Unfair Competition
(All Defendants)

151.    Boen & Associates re-alleges and incorporates by reference each preceding paragraph as if fully set forth herein.

152.    Defendants' misconduct described above constitutes unfair competition in violation of South Dakota common law and was willful, wanton, and malicious.

153.    Defendants' unfair competition has damaged, and will continue to damage, Boen & Associates, which is entitled to recover compensatory and exemplary damages in an amount to be proven at trial, for which each Defendant is jointly and severally liable.

154.    Defendants' unfair competition poses a threat of irreparable harm, the nature of which cannot be avoided or mitigated solely via legal remedies, such that Boen & Associates is

4:17-cv-_____
Complaint and Demand for Jury Trial

entitled to injunctive relief, including, but not limited to, enjoining Defendants from continuing

with its violation of the non-compete and non-solicitation agreements.

## SEVENTH CAUSE OF ACTION
### Conversion SDCL § 21-3-3
### (Defendants Rezac, Vlk, and HM)

155.    Boen & Associates re-alleges and incorporates by reference each preceding

paragraph as if fully set forth herein.

156.    Defendant Rezac was not given permission, implied or otherwise, to retain

possession of Boen & Associates' trade secrets, confidential information, customer information,

or proprietary intellectual property.  All such information, including materials, documents, and

electronically stored information, was the exclusive property of Boen & Associates.

157.    Defendant Rezac was not given permission, implied or otherwise, to intercept,

divert, and take possession of Boen & Associates' trade secrets, confidential information,

customer information, or proprietary intellectual property for purposes unrelated to his

employment and to serve his personal interests in competition and to the detriment of Boen &

Associates.  All such information, including materials, documents, and electronically stored

information, was the exclusive property of Boen & Associates.

158.    As a result of Defendant Rezac's actions, all Defendants gained access to, and

retained possession of, documents, materials, and electronically stored information owned by

Boen & Associates.

159.    Defendants have no right to possess these documents, materials, and electronically

stored information and they received and maintained possession of them knowing, or having

4:17-cv-_____
Complaint and Demand for Jury Trial

reason to know, that they had been unlawfully taken from Boen & Associates.

160.    Defendants have exercised wrongful dominion and control over Boen &

Associates' property and have thereby wrongfully converted the same in violation of its exclusive

right of ownership.

161.    Boen & Associates is entitled to recover compensatory and punitive damages, for

which each Defendant is jointly and severally liable.

## EIGHTH CAUSE OF ACTION
Unjust Enrichment
(All Defendants)

162.    Boen & Associates re-alleges and incorporates by reference each preceding

paragraph as if fully set forth herein.

163.    Defendants have received monetary benefits as a result of the unlawful

misconduct described herein and have wrongfully misappropriated valuable customer

relationships.

164.    Accordingly, Defendants have been unjustly enriched, just as Boen & Associates

has been unjustly harmed.

165.    Boen & Associates has suffered, and will continue to suffer, harm that results

from Defendants' misconduct.

166.    Boen & Associates is entitled to a monetary award equal to the amount needed to

disgorge Defendants of their unjust enrichment, to be proven at trial.

4:17-cv-_____
Complaint and Demand for Jury Trial

## NINTH CAUSE OF ACTION
Violation of the Computer Fraud and Abuse Act 18 U.S.C. § 1030 et seq.
(Defendants Rezac, Vlk, and HM)

167.    Boen & Associates re-alleges and incorporates by reference each preceding paragraph as if fully set forth herein.

168.    After his employment ended, Defendant Rezac unlawfully accessed a protected computer of Boen & Associates by remote means during the night hours of January 6, 2017, and gained something of value as a result.

169.    Defendant Rezac did so without authorization from Boen & Associates.

170.    Defendant Rezac knew that he was not authorized to remotely access the computer because his employment with Boen & Associates had ended.

171.    Defendant Rezac knowingly accessed the computer with the intent to defraud Boen & Associates.

172.    Upon information and belief, Defendants Vlk and HM knew or intentionally ignored the fact that Defendant Rezac would access the computer fraudulently.

173.    Defendant Rezac's, Vlk's, and HM's actions, individually and collectively as part of a joint conspiracy, furthered the fraud by intentionally retaining something of value that was obtained as a result of Defendant Rezac's unauthorized access of the computer.

174.    The fraudulent misconduct by Defendants Rezac, Vlk, and HM resulted in them obtaining valuable trade secrets, confidential information, and other valuable proprietary information.

175.    In order to address the unauthorized access of a protected computer and the

25

wrongful interception and diversion of trade secrets and confidential information, Boen &

Associates will undertake reasonable remediation efforts and take steps to prevent further

unauthorized access.

176.     The aggregate economic impact of Defendant Rezac, Defendant Vlk, and HM's

misconduct, including the harm caused by their fraud and the remediation efforts undertaken to

address it, exceeds $5,000.

177.     Boen & Associates is entitled to recover compensatory damages caused by

Defendant Rezac's, Vlk's, and HM's misconduct in violation of the Computer Fraud & Abuse

Act in an amount to be proven at trial, for which each Defendant is jointly and severally liable.

### TENTH CAUSE OF ACTION
Breach of Non-Solicitation and Non-Compete Agreements
(Defendants Rezac and Higgins)

178.     Boen & Associates re-alleges and incorporates by reference each preceding

paragraph as if fully set forth herein.

179.     Defendant Rezac and Defendant Higgins each agreed not to compete with Boen &

Associates by directly or indirectly soliciting its customers, employees, or clients, or attempting

to otherwise interfere with Boen & Associates' relationships with any of its vendors, suppliers,

employees, independent contractors, clients, or customers "for a period of twenty-four (24)

months after" their employment with Boen & Associates terminated.

180.     Defendant Rezac and Defendant Higgins breached, and continue to breach, their

respective agreements by competing through soliciting, directly and indirectly, and interfering

with Boen & Associates' customers and clients while working for HM.

4:17-cv-_____
Complaint and Demand for Jury Trial

181.     Boen & Associates is entitled to recover compensatory damages caused by

Defendant Rezac's and Higgins' breach of their respective agreements in an amount to be proven

at trial.

182.     Defendant Rezac's and Higgins' breach of their respective agreements constitute

irreparable harm, the nature of which cannot be avoided or mitigated solely via legal remedies,

such that Boen & Associates is entitled to injunctive relief, including, but not limited to,

enjoining Defendants from continuing with its violation of the non-compete and non-solicitation

agreements.

183.     Boen & Associates is entitled to recover its attorneys' fees, costs, disbursements,

expert witness fees, and other reasonable costs and fees incurred as a result of Defendant Rezac's

and Higgins' breach of their respective agreements.

## ELEVENTH CAUSE OF ACTION
### Civil Conspiracy
### (All Defendants)

184.     Boen & Associates re-alleges and incorporates by reference each preceding

paragraph as if fully set forth herein.

185.     Defendants agreed with each other to unfairly compete with Boen & Associates,

tortiously interfere with its customers, misappropriate Boen & Associates' trade secrets, and

breach the duty of loyalty owed to Boen & Associates by Defendant Rezac and Defendant

Higgins.

186.     Defendants took overt acts to unfairly compete with Boen & Associates, tortiously

interfere with its customers, misappropriate Boen & Associates' trade secrets, and breach the

duty of loyalty owed to Boen & Associates by Defendant Rezac and Defendant Higgins.

187.    As a result of Defendants' actions, Boen & Associates was damaged in an amount

to be proven at trial, for which each Defendant is jointly and severally liable.

## REQUEST FOR RELIEF

Boen & Associates respectfully requests that the Court enter an Order, pursuant to Fed. R.

Civ. P. 65(a), granting relief as follows:

1.    Affirmatively compelling all Defendants: (a) to identify and itemize any materials,

communications, and electronically stored information or data that constitute or relate to

Boen & Associates' business affairs that were taken, sent, or diverted by, or are otherwise

in actual or constructive possession of Defendants; (b) to identify and itemize any

materials, communications, and electronically stored information or data that constitute or

relate to any policy, procedure, protocol, form, checklist, or other work product

developed, maintained, or used by Boen & Associates in relation to insurance

procurement services and insurance servicing line of business, as well as the marketing

and selling of the same, that are within Defendants' control, custody, or possession or that

Defendants may otherwise readily access; (c) to identify and itemize all contacts with any

customer of Boen & Associates whom Defendants contacted after Defendant Rezac and

Defendant Higgins left employment at Boen & Associates; (d) to produce electronic

devices for forensic examination, including any smartphone, tablet, laptop, or other

electronic device by which Defendants communicated with each other, stored information

that was responsive to subsections (a)-(c); (e) to relinquish possession of or otherwise

delete, destroy and erase any materials, documents, or other information that may contain, reflect, or constitute intellectual property, confidential information, or trade secrets of Boen & Associates, whether tangible or intangible; and (f) to submit to the Court via sworn declaration or affidavit the specific steps taken to assure compliance therewith;

2.  Permanently enjoining all Defendants from (a) misappropriating trade secrets and other protected information from Boen & Associates; (b) from using or otherwise disclosing further any documents, material, or information taken from Boen & Associates; and (c) contacting or working with customers whose information or documents were wrongfully taken from Boen & Associates.

3.  Permanently enjoining all Defendants from (a) further engaging in tortious interference with Boen & Associates' contractual relationships with its customers, including those with customer information that Defendants intercepted, disclosed, used, or attempted to use; (b) further contacting or communicating with Boen & Associates' existing customers with whom HM had no relationship; (c) further disclosing, disseminating, or making use of any materials relating to Boen & Associates' operations that Defendants retained after Defendant Rezac and Higgins left employment with Boen & Associates; (d) further disclosing, disseminating, or making use of Boen & Associates' misappropriated trade secrets for any purpose or in any fashion going forward; (e) competing with Boen & Associates for two years; and (f) soliciting Boen & Associates customers for two years. Boen & Associates further requests that an Order and Judgment be entered on its behalf granting it relief as follows:

4:17-cv-_____
Complaint and Demand for Jury Trial

4.    Awarding Boen & Associates consequential and punitive/exemplary damages against all

Defendants for conduct in violation of the Defend Trade Secrets Act, in an amount to be

proven at trial, for which each Defendant is jointly and severally liable;

5.    Awarding Boen & Associates consequential and punitive/exemplary damages for

Defendants conduct in violation of SDCL § 37-29, in an amount to be proven at trial, for

which each Defendant is jointly and severally liable;

6.    Awarding Boen & Associates consequential and punitive damages against all Defendants

for unfair competition in an amount to be proven at trial;

7.    Awarding Boen & Associates all damages that equity requires in order to remedy

Defendants' unjust enrichment;

8.    Awarding Boen & Associates its costs and disbursements incurred in this matter,

including its reasonable attorneys' fees and pre- and post-judgment interest on all

amounts awarded against Defendants; and

9.    Awarding such other, further, and different relief as the Court deems equitable and

appropriate.

## JURY DEMAND

Boen & Associates hereby demands a trial by jury on any issue so triable.

4:17-cv-_____
Complaint and Demand for Jury Trial

Dated: August 25, 2017.

FULLER & WILLIAMSON, LLP

Derek A. Nelsen
Eric T. Preheim
7521 South Louise Avenue
Sioux Falls, SD 57108
(605) 333-0003
dnelsen@fullerandwilliamson.com
epreheim@fullerandwilliamson.com
*Attorneys for Plaintiff*